Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff Sinoriches Global Limited
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:   (646) 329-0120
Facsimile:   (646) 328-0121
William R. Bennett, III  (WB 1383)
wbennett@bgmplaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SINORICHES GLOBAL LIMITED,                           07-CIV- 05779

                Plaintiff,

      - against -                                                          **VERIFIED COMPLAINT**

NEW OCEAN SHIPPING CO., LTD.,
MULTILOGISTICS SRL, and
ARO STEEL SRL,

                Defendants.

-------------------------------------------------------------X

      Plaintiff, SINORICHES GLOBAL LIMITED, by its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, complaining of the defendants herein, alleges upon information and belief as follows:

      1.     This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.     At all times hereinafter mentioned, Plaintiff, SINORICHES GLOBAL LIMITED (hereinafter "SGL"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business outside the United States.

3. At all times hereinafter mentioned, defendant NEW OCEAN SHIPPING SRL ("NEW OCEAN"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Bejing, China.

4. At all times hereinafter mentioned, defendant MULTILOGISTICS SRL, was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Milan, Italy.

5. At all times hereinafter mentioned, defendant ARO STEEL, LTD. ("ARO"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Italy.

6. On or before 31 January 2007, SGL and NEW OCEAN entered into a maritime contract, commonly referred to as a charter party, for the employment of the vessel, M/V MICRO.

7. Under the terms and conditions of the charterparty NEW OCEAN was responsible for freight, demurrage and other costs. NEW OCEAN incurred demurrage totaling $706,962.00.

8. At all times relevant herein, defendant MULTILOGISTICS was bound by the terms and conditions of the charterparty and responsible for the actions of NEW OCEAN, and accordingly is responsible for the $706,962.00.

9. At all times relevant herein, defendant ARO was the owner of the steel, bound by the terms of the charterparty, and responsible for the delay in off loading the cargo, and accordingly is responsible for the demurrage of $706,962.00.

## LONDON ARBITRATION

10. Pursuant to the terms and conditions of the charterparty by and between SGL and NEW OCEAN, all disputes between the parties herein are subject to London arbitration.

11. This action is expressly filed without prejudice to that right.

## REQUESTED RELIEF

12. SGL seeks issuance of process of maritime attachment so that it may obtain security up to the amount of $706,962.00 for its claims under the maritime contract.

13. None of the defendants can be found within this district, but are believed to have assets within this district consisting of cash, funds, freight, hire, credits in the hands of American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank, Fortis Bank and other New York City banks and financial institutions.

**WHEREFORE,** plaintiff prays:

1. That judgment in the sum of $706,962.00 be entered in favor of SINORICHES GLOBAL LIMITED and against all the defendants, jointly and severally, together with interests and costs from the date of the defendants' breach of contract;

2. That process of maritime attachment and garnishment be issued and levied against cash, funds, and credits of defendants, in the hands of American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank, Fortis Bank or any other bank located in New York, New York, in the sum

of $706,962.00, and that process in due form of law according to the practice of this Honorable Court in cases of Admiralty and Maritime jurisdiction may issue against the defendants, citing them to appear and answer under oath all and singular the matters aforesaid.

3. That pursuant to Rule B of the Special Admiralty Rules of the Federal Rules of Civil Procedure the assets of defendants be seized; and,

4. That the plaintiff be granted such other, further, and different relief as in law and justice it may be entitled to receive.

Dated: June 18, 2007
      New York, New York

                                    Bennett, Giuliano, McDonnell & Perrone, LLP
                                    Attorneys for Sinoriches Global Limited

                                    William R. Bennett, III
                                    225 West 34th Street, Suite 402
                                    New York, New York 10122
                                    (646) 328-0120

## VERIFICATION

William R. Bennett, III, under the penalty of perjury states:

1.     That he is a member of the firm of Bennett, Giuliano McDonnell & Perrone LLP, attorneys for the plaintiff herein; that he has read the foregoing Verified Complaint and knows the content thereof and that the same is true to the best of his knowledge, information and belief.

2.     That the reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation and no officers or directors are within the district.

3.     The sources of deponent's information and the grounds for his belief are statements made by and documents received from representatives of said corporation.

_____
William R. Bennett, III (WB 1383)

Z:\Documents\All Files\D670/Pleadings\VerifiedComplaint-061507.doc