Keith W. Heard (8578)
Michael J. Walsh (6578)
Burke & Parsons
100 Park Avenue
New York NY 10017-5533
Tel: 212 354 3800
Fax: 212 221 1432

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SINORICHES GLOBAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>NEW OCEAN SHIPPING CO. LTD.,<br>MULTILOGISTICS SRL, and<br>ARO STEEL SRL<br><br>Defendants. | 07 5779<br>~~05 Civ 7955~~ (RJH)<br><br>Electronically Filed<br><br><br>DECLARATION PURSUANT<br>TO 28 U.S.C. §1746 |

### DECLARATION OF ANTONIO OPPICELLI

Pursuant to 28 U.S.C. §1746, I hereby declare as follows:

1.  I am an attorney admitted to practice in Italy and have been licensed to practice for sixteen years. I am the founding member of Studio Legale Oppicelli, Avvocato. My firm is located in Genoa, Italy, and was established in 1998. The firm practices in various fields, but focuses on transportation, maritime, insurance and customs law. Clients of the firm include, among others, domestic and foreign insurance companies, domestic and foreign ship-owners and carriers, Port Authorities, port operators, and freight forwarders and logistics companies. I have acted as counsel for Multilogistic Srl, one of the defen-

dants named in this action and have, therefore, developed a familiarity with the services Multilogistic provides as a freight forwarder.

2.  I submit this Declaration in support of the Order to Show Cause, brought on by Multilogistic, for a hearing pursuant to Rule E (4)(f) of the Supplemental Rules for Admiralty or Maritime Claims to vacate the maritime attachment obtained by plaintiff in this action.

3.  Based on my review of documents Multilogistic has made available to me, I can confirm that Multilogistic acted with respect to M/V MICRO as a freight forwarder for AroSteel, one of the other named defendants in this action. It is my understanding that AroSteel had arranged with manufacturers in China to purchase several cargoes of steel pipe on an FOB stowed basis. Thereafter, AroSteel retained Multilogistic as its freight forwarder, to make arrangements with an ocean carrier to transport the steel from Shanghai, China to Genoa, Italy.

4.  Multilogistic thereupon entered a contract for the transportation of AroSteel's cargoes with an ocean carrier, New Ocean Shipping Co. Ltd. ("New Ocean"), by means of a "Fixture Note" which is dated January 31, 2007. A copy of the Fixture Note between New Ocean and Multilogistic, which I have reviewed, is attached as Exhibit B to the Declaration of Simone Guardiano submitted concurrently herewith. As a freight forwarder, Multilogistic did not have any direct interest in the cargoes or their carriage, except in its capacity as freight forwarder for AroSteel.

5.  Both AroSteel and Multilogistic are companies organized and existing under Italian law. The parties entered their agreement for freight forwarding services in Italy and Multilogistic performed the services there. Finally, the cargo was destined for Genoa, Italy. As such, the freight forwarding contract between the parties was centered entirely

DECLARATION OF ANTONIO OPPICELLI                                     Page 2 of 3

in Italy, which is the jurisdiction with the most substantial interest in interpreting and enforcing their agreement. Therefore, under applicable principles of conflicts of law, it is my opinion that Italian law governs the contract between Multilogistic and AroSteel.

6. Article 1737 of the Italian Civil Code ("On Freight Forwarding") provides that freight forwarding "is a contract of agency by which the freight forwarder undertakes the obligation to conclude, in its name but on behalf of the principal, a contract of transport and to perform all connected operations."

7. Therefore, it is my opinion that under Italian law, when Multilogistic entered into the Fixture Note with New Ocean, it did so only as an agent on behalf of the principal, AroSteel. Pursuant to applicable principles of Italian agency law, it is my considered professional opinion that any legal obligations with respect to the transportation of AroSteel's cargoes remain those of the principal, AroSteel, rather than its agent, Multilogistic.

8. I declare, under penalty of perjury, that the foregoing is true and correct. Executed on this 07 day of August, 2007

[signature]

O:\CX69311_MUL-BP_Doc0746_Declaration_of_A_Oppicelli.doc